**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Wade Bearup,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-16-03357-PHX-SPL<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Pending before the Court is Petitioner Patrick Bearup's Motion to Contact Victim's Family Members. (Doc. 80). Bearup seeks an order authorizing his counsel to contact relatives of the murder victim in this case in search of evidence supporting his habeas claims. (*Id.*) Respondents oppose the motion. (Doc. 83.)

## DISCUSSION

Bearup was convicted of one count of kidnapping and one count of first-degree murder and sentenced to death for the murder of Mark Mathes. Mathes lived in a house with his brother Bruce, Bruce's wife Marie, and their sons Joseph and Scott Mathes. Marie, Joseph, and Bruce testified at Bearup's trial. For the purposes of this order, Bruce and Marie are "victims." [1]

---

[1] Respondents concede that Joseph and Scott, Mark Mathes's nephews, are not victims as defined by ARS 13-4401(19).

The Court previously granted Respondents' motion for an order precluding victim contact. (Doc. 18.) The Court found that the provisions of the Arizona Victims' Bill of Rights, A.R.S. § 13-4433(B), further the purposes of the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(a)(8), which applies to federal habeas proceedings. (*Id.* at 2.) The Court's order prohibited members of Bearup's legal team from directly contacting the victims in this case and mandating that any such contact be initiated through counsel for Respondents. (*Id.*) The order further provided that if a victim did not consent to such contact, Bearup could file a motion explaining why contact was necessary. (*Id.*)

Pursuant to the Court's order, Bearup's counsel requested consent from Respondents' counsel to contact Bruce, Marie, Joseph, and Scott. (*See* Doc. 80 at 3.) After Respondents informed Bearup's counsel that the victims declined the request (*id.*), Bearup filed the pending motion.

The CVRA establishes "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The CVRA further provides that the Court "shall ensure" victims' rights are protected in this habeas proceeding. 18 U.S.C. § 3771(b)(2)(A). Courts have emphasized that the CVRA should be construed liberally, "in favor of interpretations that promote victims' interests in fairness, respect, and dignity." *United States v. Turner*, 367 F. Supp. 2d 319, 335 (E.D. N.Y 2005); *see United States v. Heaton*, 458 F. Supp. 1271, 1272 (D. Utah 2006) (explaining that the intent of the CVRA is to "give victims broad rights to fair treatment").

The Court will deny Bearup's motion for two reasons. First, the right to "dignity and privacy" would arguably be violated by contact with a victim who already has expressed a desire not be contacted. Second, Bearup fails to establish that the necessity of the proposed contact. Bearup argues that contact with Bruce and Marie Mathes is necessary to discuss whether, contrary to their trial testimony, they received plea agreements or promises of leniency, and to determine their views on Bearup's death sentence. Neither of these reasons justifies contact with victims who have already declined to be contacted by Bearup's team. The victims' opinion about Bearup's sentence is not relevant to his claims of ineffective assistance of counsel, and the potential existence of a cooperation agreement

between the victims and the state does not appear relevant to any of Bearup's habeas claims.

Accordingly,

**IT IS ORDERED** denying Bearup's Motion to Contact Victim's Family Members (Doc. 80).

Dated this 12th day of February, 2019.

Honorable Steven P. Logan
United States District Judge