**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Wade Bearup, | No. CV-16-03357-PHX-SPL |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| David Shinn, et al., | |
| Respondents. | |

Patrick Wade Bearup is an Arizona death row inmate seeking federal habeas relief. He has filed a motion under *Rhines v. Weber*, 544 U.S. 269 (2005), asking the Court to stay his case and hold it in abeyance while he returns to state court to exhaust several claims alleging ineffective assistance of trial counsel. (Doc. 140.) In support of his request he relies on the United States Supreme Court's decision in *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734–35 (2022). Bearup subsequently moved for a temporary stay pending the decision of the Ninth Circuit Court of Appeals in *Mothershead v. Wofford*, Nos. 22-80073, 22-35756 (9th Cir. 2022). (Doc. 141.) Respondents oppose both requests. (Docs. 142–144.) This order addresses Bearup's request for a stay pending the outcome of *Mothershead*.

### DISCUSSION

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979); *see Lockyer*, 398 F.3d at 1110–11 (explaining that a stay may be appropriate where the resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Bearup has not met that burden.

In *Ramirez*, the Supreme Court held that in adjudicating a claim under *Martinez v. Ryan*,[1] "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state post-conviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2).[2] *Ramirez*, 142 S. Ct. at 1734. Section 2254(e)(2) requires that the petitioner acted diligently in state court in discovering the facts supporting his claim. In *Mothershead*, the district court held that the petitioner acted diligently notwithstanding post-conviction counsel's lack of diligence. No. C21-5186 MJP, 2022 WL 2275423 (W.D. Wash. June 23, 2022). The court certified the issue for interlocutory appeal. The respondent petitioned for appellate review, and the Ninth Circuit granted the appeal and set a briefing schedule. *See Mothershead v. Wofford*, No. 22-35756 (9th Cir. Sept. 27, 2022), Dkt. 2.[3]

Bearup contends that the Ninth Circuit in *Mothershead* will "address a legal question that is directly implicated here: how a finding that Bearup's postconviction counsel were ineffective affects his diligence argument." (Doc. 141 at 3.) Put differently, in Bearup's view the issue before the Ninth Circuit is whether a finding that PCR counsel

---

[1] In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court held that the ineffective assistance of post-conviction counsel can serve as cause to excuse the default of a claim of ineffective assistance of trial counsel.

[2] Section 2254(e)(2) provides in relevant part that if a petitioner failed to develop the factual basis of a claim in state court, he is not entitled to a federal evidentiary hearing unless the claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence. . . ."

[3] The court set November 28, 2022, as the deadline for State's opening brief; December 28, 2022, for petitioner petitioner's response; and within 21 days of the response as the deadline for any reply brief. *Mothershead*, No. 22-35756, Dkt. 2.

performed ineffectively necessarily entails a finding that a petitioner lacked diligence under § 2254(e)(2). (*See* Doc. 145 at 2–3.) Bearup argues that the Ninth Circuit's consideration of the diligence question will narrow the issues and aid this Court in determining whether Bearup was diligent. (Doc. 141 at 3.)

Respondents contend that the question presented to the Ninth Circuit is not relevant to these proceedings but addresses only the specific facts of the *Mothershead* case, where the district court found the petitioner diligent for efforts she made to develop a claim before she was appointed postconviction counsel. (Doc. 144 at 2–3.) The Court agrees.

In *Mothershead*, the issue before the district court was whether it could hold an evidentiary hearing "in light of . . . *Ramirez*." 2022 WL 2275423 at *1. The court considered the case's "unique factual record" in determining whether *Ramirez* and § 2254(e)(2), with its diligence requirement, barred such a hearing. *Id.* at *5. The court found that the petitioner, acting pro se, had been diligent in developing a claim of ineffective assistance of trial counsel prior to the appointment of postconviction counsel. *Id.* She undertook "consistent efforts to squarely present the merits" of her claim, requesting an evidentiary hearing and supplementing the record with a declaration from her counsel and an expert opinion. *Id.* Therefore, the court held, post-conviction counsel's subsequent failure to pursue any additional factual development did not prevent a finding of diligence for purposes of § 2254(e)(2). *Id.* at *6.

The Ninth Circuit granted review of the following question:

> As the Supreme Court recognized in *Shinn v. Ramirez* . . . , does 28 U.S.C. § 2254(e)(2) bar an evidentiary hearing where Mothershead failed to develop the evidence supporting the claim in state court, and she does not satisfy the requirements necessary to obtain a hearing under the statute?

*Mothershead v. Wofford*, No. 22-80073, Dkt. 1 at 3.[4]

---

[4] The district court had identified the "controlling question of law" to be "whether or not postconviction counsel's lack of diligence will always undermine the petitioner's otherwise diligent efforts to pursue an ineffective assistance of counsel claim and subject the claim to § 2254(e)(2) and *Shinn*'s bar on evidentiary hearings." *Mothershead*, 2022 WL 2755929, at *1. Even if this were the question taken up by the Ninth Circuit, it would have little bearing on Bearup's case as he, unlike Mothershead, was represented by counsel throughout the PCR proceedings.

As Respondents note, this question addresses the facts concerning Motherhead's diligence, including her "remarkable" efforts to develop a claim before postconviction counsel was appointed, *Mothershead*, 2022 WL 2275423, at *5, and its resolution would likely have no bearing on Bearup's case. Bearup surmises that the Ninth Circuit will "likely address the diligence requirement more broadly," but such speculation is not sufficient for Bearup to meet his burden of establishing the need for a stay. *See Clinton v. Jones*, 520 U.S. at 708. Instead, the proceedings in *Mothershead* are "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court" in Bearup's case. *Lockyer*, 398 F.3d at 1113.

Also militating against the issuance of a stay is its indeterminate length. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.") (citing *Yong v. I.N.S.,* 208 F.3d 1116, 1119 (9th Cir. 2000)). There is no timeline for a decision from the Ninth Circuit in *Mothershead*. For the reasons discussed above, Bearup fails to show an adequate justification for a stay of indefinite length. *See Yong*, 208 F.3d at 1119 ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it.").

## CONCLUSION

For the reasons stated above, the Court exercises its discretion to deny Bearup's request for a stay. Accordingly,

**IT IS HEREBY ORDERED denying** Bearup's motion for a temporary stay pending the outcome in *Mothershead*. (Doc. 141).

Dated this 15th day of December, 2022.

Honorable Steven P. Logan
United States District Judge