**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Wade Bearup,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-16-03357-PHX-SPL<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Patrick Wade Bearup is an Arizona death row inmate seeking federal habeas relief. Pending before the Court is his motion for stay and abeyance. (Doc. 140.) Citing the Supreme Court's decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), Bearup asks the Court to stay this habeas proceeding and hold it in abeyance while he returns to state court to exhaust three claims alleging ineffective assistance of trial counsel—Claims 2, 3, and 5 of his amended habeas petition. (*Id.*) Respondents oppose a stay. (Docs. 142–144.) Bearup also asks the Court to appoint his federal habeas counsel to represent him on his return to state court. (Doc. 140.)

**I.  BACKGROUND**

Bearup was convicted and sentenced to death for his participation in the February 2002 murder of Mark Mathes. Bearup, together with Sean Gaines, Jessica Nelson, and Jeremy Johnson beat and shot Mathes to death.

Nelson was living at the Mathes residence. At one point she realized she was missing $600 and suspected Mathes had stolen it. Nelson told Gaines about her suspicions. Gaines instructed her to call him when Mathes returned home.

When Mathes arrived, Nelson invited him to have a beer and hang out with her on the back patio. She called Gaines and told him Mathes was home. Gaines, Bearup, and Johnson soon arrived at the Mathes residence armed with a baseball bat and a shotgun. They beat Mathes, put him in the trunk of their car, and drove to the Crown King area north of Phoenix. Gaines and Nelson stripped him to make the body more difficult to identify. As Nelson was trying to remove a ring from Mathes's finger, Bearup approached and cut the finger off with a pair of wire clippers. Mathes was then thrown over a guardrail. While he lay in the ravine, Gaines shot him twice.

Johnson and Nelson pleaded guilty to second-degree murder and kidnapping. Bearup was indicted on one count of first-degree murder and one count of kidnapping. At trial, he presented alibi and mistaken identity defenses. The jury found him guilty on both counts. The jury then found two aggravating factors: a previous conviction for a serious offense, A.R.S. § 13–703(F)(2), and the commission of the offense in an especially heinous, cruel, or depraved manner, (F)(6).[1]

Bearup represented himself at sentencing and waived the presentation of mitigating evidence. The jury returned a verdict of death for the murder.

The Arizona Supreme Court affirmed the convictions and sentences on direct appeal. *State v. Bearup*, 221 Ariz. 163, 166–67, 211 P.3d 684, 687–88 (2009). After unsuccessfully pursuing post-conviction relief ("PCR") in state court, Bearup filed a petition for writ of habeas corpus in this Court on August 25, 2017, and an amended petition on September 18, 2017. (Docs. 34, 39.)

---

[1] At the time of Bearup's offense, Arizona's capital sentencing scheme was set forth in A.R.S. §§ 13–703 and 13–703.01 to –703.04. It is presently set forth in A.R.S. §§ 13–751 to –759. The Court refers throughout this order to the statutes in effect at the time Bearup committed the murder.

## II. APPLICABLE LAW

### A. Stay and Abeyance

A district court is authorized to stay a petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing the right to federal habeas review under the relevant one-year statute of limitations.[2] *Rhines v. Weber*, 544 U.S. 269, 273–77 (2005). Under *Rhines*, "a district court must stay a mixed petition"—that is, a petition containing both exhausted and unexhausted claims—"only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). However, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77).

### B. Exhaustion

The *Rhines* procedure for staying a petition applies only to mixed petitions. *See King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009) (explaining that the *Rhines* exception to the total exhaustion rule carved out an exception allowing mixed petitions to remain pending in federal court under limited circumstances). A claim is exhausted if (1) it has been fairly presented to the highest state court with jurisdiction to consider it or (2) no state remedy remains available for the claim. *Johnson v. Zenon*, 88

---

[2] The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of habeas petitions. 28 U.S.C. § 2244(d)(1).

F.3d 828, 829 (9th Cir. 1996). The latter form of exhaustion, where a petitioner has failed to meet the State's procedural requirement for presenting a claim in state court, is described as "technical exhaustion" through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (observing that if state court where petitioner would be required to present the claims would find the claims procedurally barred, petitioner has technically exhausted the claims through procedural default).

In *Coleman*, the Supreme Court held that a petitioner who fails to comply with state-law procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32; *see Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). As discussed below, application of a state's procedural rule can result in technical exhaustion only where that rule is "independent of federal law," *see Stewart v. Smith*, 536 U.S. 856, 859–60 (2002), and "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)).

A default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the petitioner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause, the petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488. "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors at . . . trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Ramirez*, 142 S. Ct. at 1734–35 (quoting *Carrier*, 477 U.S. at 494).

In *Martinez v. Ryan*, the Supreme Court held for the first time that ineffective assistance of PCR counsel may serve as cause to excuse the default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 17 (2012); *see also Trevino v. Thaler,* 569 U.S. 413, 423 (2013).

In the wake of *Martinez*, the Ninth Circuit held that federal habeas courts may take new evidence to determine whether a defaulted claim of ineffective assistance of trial counsel was substantial. *Dickens*, 740 F.3d at 1321. In *Dickens*, the court explained that 28 U.S.C. § 2254(e)(2) did not bar the district court from holding an evidentiary hearing, because a petitioner seeking to show cause based on ineffective PCR counsel is "not asserting a 'claim' for relief as that term is used in § 2254(e)(2)."[3] *Id.*

In *Ramirez*, however, the Supreme Court held that in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state post-conviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). 142 S. Ct. at 1734. Until *Ramirez*, in other words, petitioners like Bearup had the opportunity to present new evidence in federal court pursuant to *Martinez* even if the requirements of § 2254(e)(2) were not satisfied. After *Ramirez*, a federal habeas court may not consider such evidence, even when reviewing a petitioner's claim of good cause for failure to exhaust a claim, unless it first meets the requirements of § 2254(e)(2).

///

///

///

---

[3] Section 2254(e)(2) provides that if a petitioner failed to develop the factual basis of a claim in state court, he is not entitled to a federal evidentiary hearing unless the claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence . . . and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

### III. DISCUSSION

Under *Rhines*, the Court must first determine whether Bearup's habeas petition is mixed. At issue are three ineffective assistance of counsel (IAC) claims, Claims 2, 3, and 5.

Claim 2 alleges that attorney David DeLozier was unqualified to represent Bearup as lead counsel in his capital trial and misrepresented his qualifications in order to obtain court appointment. (Doc. 39 at 67.) The parties agree that Bearup did not raise the claim in state court. They disagree, however, about the claim's procedural status. Respondents contend the claim is technically exhausted because Arizona's procedural rules would prevent Bearup from returning to state court to raise the claim. (Doc. 142 at 4–5.) They argue that a stay would be futile for the same reason. (*Id.*) Bearup counters that these rules, including Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure, are not an "adequate and independent procedural bar to review of this type of Claim." (Doc. 140 at 3.) He further argues that any waiver of the right to counsel must be made knowingly, voluntarily, and intelligently before Rule 32.2(a)(3) can act as a procedural bar. (*Id.* at 3–4.)

Rule 32 of the Arizona Rules of Criminal Procedure ("Rule 32") governs PCR proceedings. It provides, as relevant here, that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition pursuant to Rule 32.2(a)(3). Only if a claim falls within certain exceptions, including newly discovered evidence and actual innocence, and the petitioner can justify his omission of the claim from a prior petition, may the preclusive effect of Rule 32.2(a) be avoided. *See* Ariz. Rule Crim. Proc. 32.1(d)–(h), 32.2(b). The Ninth Circuit has held that Rule 32.2(a)(3) "is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim." *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012).

Bearup notes that Rule 32.2(a)(3) does not apply to claims that "affected a right of constitutional magnitude" if the petitioner did not personally waive the claim. (Doc. 140 at 3–4) (citing *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002)). Bearup's ineffective assistance of counsel claims, however, do not fall within the limited framework

of claims requiring a knowing, voluntary, and intelligent waiver before the application of a preclusion finding. *See* Ariz. Rule Crim. Proc. 32.2(a)(3) cmt. (West 2004) (explaining that most claims of trial error do not require a personal waiver); *Smith*, 202 Ariz. at 449, 46 P.3d at 1070 (identifying the right to counsel, right to a jury trial, and right to a 12-person jury under the Arizona Constitution as the type of claims that require personal waiver); *see State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App. 2007) ("An alleged violation of the general due process right of every defendant to a fair trial, without more, does not save that belated claim from preclusion."). Additionally, if different ineffective assistance allegations are raised in successive petitions, the claim in the later petition will be precluded without a review of the constitutional magnitude of the claim. *See Smith*, 202 Ariz. at 450, 46 P.3d at 1071 ("The ground of ineffective assistance of counsel cannot be raised repeatedly.")

In his PCR petition, Bearup raised several other claims of ineffective assistance of counsel. (*See* Doc. 46-1, Ex. PPPPP; Doc. 46-2, Ex. RRRRR.) Therefore, successive claims of ineffective assistance, such as Claim 2, are necessarily precluded. *See Armstrong v. Ryan*, No. CV-15-00358-TUC-RM, 2017 WL 1152820, at *6 (D. Ariz. Mar. 28, 2017) ("Because Petitioner would not be able to exhaust Claim 1(A) in a successive state petition for post-conviction relief, Petitioner's IAC claim is 'technically' exhausted, and a *Rhines* stay would be inappropriate."); *see also Lopez v. Schriro*, No. CV-98-0072-PHX-SMM, 2008 WL 2783282, at *9 (D. Ariz. July 15, 2008), *amended in part*, No. CV-98-0072-PHX-SMM, 2008 WL 4219079 (D. Ariz. Sept. 4, 2008), *and aff'd sub nom. Lopez v. Ryan*, 630 F.3d 1198 (9th Cir. 2011) ("[I]f additional ineffectiveness allegations are raised in a successive petition, the claims in the later petition necessarily will be precluded.").

Bearup also asserts that Rule 32.2(a) is not firmly established with respect to the specific allegation that counsel misrepresented his qualifications to represent a capital defendant. (Doc. 140 at 3.)

Contrary to Bearup's argument, however, there is nothing unique about the allegations in Claim 2. Rather, they simply state an ineffective assistance of counsel claim.

*Cf. Woods v. Sinclair*, 764 F.3d 1109, 1132 (9th Cir. 2014) (analyzing petitioner's ineffective assistance claim under *Strickland* and finding that counsel's lack of experience and heavy caseload did not "in and of themselves amount to a *Strickland* violation" absent a showing of prejudice[4]); *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) (applying *Strickland* analysis to claim that counsel were presumptively ineffective because they did not meet state standard for representation of capital defendants).

Claim 2 is therefore technically exhausted through procedural default. *Coleman*, 501 U.S. at 732.

Claim 3 alleges that counsel unreasonably chose and presented an unsupported alibi defense. (Doc. 39 at 88.) Bearup raised this allegation during the PCR proceedings. (PCR Pet., Doc. 46-2, Ex. RRRRR, at 5–27.) The PCR court denied the claim on the merits. (ME 3/16/05, Doc. 46-4, Ex. DDDDDDDD, Appx A, at 4–7.)

Claim 5 alleges that DeLozier failed to investigate mitigating evidence and unreasonably advised Bearup regarding mitigation. (Doc. 39 at 154.) Bearup raised these allegations in his PCR petition (PCR Pet., Doc. 46-2, Ex. RRRRR, at 59–65) and the court denied them as meritless (ME 3/16/05, Doc. 46-4, Ex. DDDDDDDD, Appx A, at 15).

Claims 3 and 5 were raised in Bearup's petition for review (PR, Doc. 46-4, Ex. DDDDDDDD at 5–13, 35–39), which the Arizona Supreme Court summarily denied (Doc. 46-3, Ex. CCCCCCCC).

With respect to the procedural status of these claims, Bearup's position is that under *Dickens*, 740 F.3d 1302, the new facts he has proffered in these habeas proceedings have fundamentally altered the claims from those he presented during the PCR proceedings, so that Claims 3 and 5 are now unexhausted. (*See* Doc. 140 at 10; Doc. 39 at 89, 155.) Respondents contend that Claim 3 (with the exception of some subclaims) and Claim 5 were raised in state and exhausted by the PCR court's merits ruling. (Doc. 142 at 10.)

---

[4] Under *Strickland v. Washington*, 466 U.S. 668 (1984), a claim of ineffective assistance consists of two prongs: deficient performance and prejudice.

Bearup acknowledges the argument that these claims are exhausted, either technically or by the PCR court's merits review. (Doc. 140 at 10–11; Doc. 146 at 8.) He contends that a *Rhines* stay is nevertheless appropriate because "*Ramirez* now requires actual rather than technical exhaustion and demands that all evidence supporting an IAC claim defaulted by ineffective postconviction counsel be presented to the state courts." (Doc. 146 at 8.) Bearup argues that after *Ramirez*, "[c]omity militates in favor of submitting Claims 3 and 5 to the state courts—together with their substantial new supporting evidence—so that they, rather than a federal court, can pass first on whether the claims warrant relief." (Doc. 140 at 11.) According to Bearup, "This approach would mitigate the unfairness of trapping petitioners in federal court with no way to have new evidence considered in support of claims defaulted by ineffective state postconviction counsel." (*Id.*)

Bearup's argument fails with respect to Claims 3 and 5. First, the claims were actually, rather than technically, exhausted. The argument that they have been fundamentally altered is unpersuasive.

In *Dickens*, the Ninth Circuit held that factual allegations not presented to a state court may render a claim unexhausted if the new allegations "fundamentally alter" the claim or place the case in a significantly different and stronger evidentiary posture than it was when the state court considered it. 740 F.3d at 1318–19. In state court Dickens had raised only general allegations that "sentencing counsel did not effectively evaluate whether Dickens 'suffer[ed] from any medical or mental impairment.'" *Id.* at 1319. In his federal habeas petition, he "changed his claim to include extensive factual allegations suggesting [he] suffered from Fetal Alcohol Syndrome and organic brain damage." *Id.* at 1317. The court found that Dickens's "new evidence creates a mitigation case that bears little resemblance to the naked *Strickland* claim raised before the state courts," and that specific conditions like Fetal Alcohol Syndrome and organic brain damage placed the claim in a "significantly different" and "substantially improved" evidentiary posture. *Id.* 1319.

In contrast to *Dickens*, the new information Bearup offers "merely provide[s] additional evidentiary support" for the already-adjudicated state court claims. *Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014). As Respondents note, the new evidence supporting Claim 3 is largely cumulative to the evidence and arguments presented in the PCR petition, which alleged that Bearup's alibi was "impossible" and "false," that trial counsel were aware of this fact, and that choosing to present such a defense amounted to ineffective assistance. (PCR Pet. at 20, 21.) *See Williams v. Filson*, 908 F.3d 546, 573–76 (9th Cir. 2018) (finding that a new forensic report "merely" corroborated the allegations in the state court petition and did not place the claim in a "significantly different and stronger evidentiary posture" or transform it "into a new and unexhausted claim"); *Lee v. Ryan*, No. CV-04-0039-PHX-JTT, 2019 WL 1932110, at *1 (D. Ariz. May 1, 2019) (explaining that a "claim of ineffective assistance of counsel is not fundamentally altered by new factual allegations related to the specific claim raised in state court").

With respect to Claim 5, the new evidence consists of the same categories of mitigating evidence cited in the PCR petition. While Bearup adds new mental health diagnoses to those supporting the ineffective assistance of counsel claim in state court, the "heart of the claim remains the same." *Gray v. Zook*, 806 F.3d 783, 799 (4th Cir. 2015) (finding the new evidence "merely strengthens the evidence presented in the state PCR proceedings"); *see Creech v. Richardson*, 40 F.4th 1013, 1029 (9th Cir. 2022) (finding new evidence "duplicative" of evidence presented in state court); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994), *superseded by statute on other grounds*, 28 U.S.C. § 2253(c).

Alternatively, even if the claims have been altered, becoming unexhausted and therefore subject to analysis under *Martinez* in this Court, Bearup would not be entitled to a *Rhines* stay. As discussed with respect to Claim 2, the state court would find the newly-raised claims precluded under Rule 32.2(a)(3). Therefore, to the extent they are not actually exhausted, Claims 3 and 5 are technically exhausted.

Because Claims 2, 3, and 5 are all exhausted, the petition is not mixed, and *Rhines* is not applicable. Bearup is not entitled to a stay.[5]

### III.   APPOINTMENT OF COUNSEL

Bearup asks the Court to authorize the Federal Public Defender's ("FPD") office to represent him in state court. The Criminal Justice Act provides for appointed counsel to represent their client in "other appropriate motions and procedures." 18 U.S.C. § 3599(e).

The Supreme Court interpreted § 3599 in *Harbison v. Bell*, 556 U.S. 180 (2009), holding that the statute "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id.* at 194. The Court explained that "subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Id.* at 185. The Court noted, however, that appointed counsel is not expected to provide each of the services enumerated in section (e) for every client. Rather, "counsel's representation includes only those judicial proceedings transpiring 'subsequent' to her appointment." *Id.* at 188.

*Harbison* addressed the concern that under the Court's interpretation of § 3599, federally appointed counsel would be required to represent their clients in state retrial or state habeas proceedings that occur after counsel's appointment because such proceedings are also "available post-conviction process." *Id.* The Court explained that § 3599(e) does not apply to those proceedings because they are not "properly understood as a 'subsequent

---

[5] Bearup has filed a Notice of Supplemental Authority, citing *Pandeli v. Shinn*, No. CV-17-01657-PHX-JTT, 2022 WL 16855196 (D. Ariz. Nov. 10, 2022), which granted the petitioner's post-*Ramirez* motion for a *Rhines* stay. *Pandeli* is distinguishable because there the Respondents conceded that the habeas petition was mixed. However, even if the facts of the cases were the same, "the prior resolution of those claims does not bar reconsideration by another district judge of similar contentions." *In re Walk v. Thurman*, 2012 WL 3292934, at *7 (D. Utah Aug. 10, 2012) ("Where a second judge believes that a different result may obtain, independent analysis is appropriate."); *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

- 11 -

stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id.* at 189.

As to state post-conviction proceedings, the Court noted, "State habeas is not a stage 'subsequent' to federal habeas. . . . That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute." *Id.* at 189–90; *see Irick v. Bell*, 636 F.3d 289, 292 (6th Cir. 2011); *Lugo v. Sec'y, Florida Dep't of Corr.*, 750 F.3d 1198, 1213 (11th Cir. 2014), *cert. denied sub nom. Lugo v. Jones*, 135 S. Ct. 1171 (2015) (explaining "a state prisoner is not entitled, as a matter of statutory right, to have federally paid counsel assist him in the pursuit and exhaustion of his state postconviction remedies, including the filings of motions for state collateral relief. . . .").

Nevertheless, the Court has discretion to appoint federal counsel to represent Bearup in state court. In *Harbison* the Supreme Court noted that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." 556 U.S. at 190 n.7.

Here, however, the Court has determined that Bearup is not entitled to a *Rhines* stay. Based on that determination, together with the *Harbison* Court's discussion of the parameters of § 3599(e), the Court finds it is not appropriate to authorize the FPD to represent Bearup in state court.

## IV. CONCLUSION

Bearup has not demonstrated that a *Rhines* stay is warranted. "The point of a *Rhines* stay is to allow a federal habeas petitioner an opportunity to present unexhausted claims in state court." *Pritchett v. Gentry*, No. 217CV01694JADDJA, 2022 WL 4366996, at *4 (D. Nev. Sept. 21, 2022); *see Anderson v. Jennings*, No. 1:19-CV-00014 JAR, 2022 WL 17480616, at *3 (E.D. Mo. Nov. 21, 2022). Bearup's claims are either actually or technically exhausted; therefore, his petition is not mixed. In addition, granting Bearup's request for a *Rhines* stay would be contrary to the Supreme Court's directive that such stays should be granted only in limited circumstances and that courts must be 'mindful that

- 12 -

AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court.'" *Id.* (quoting *Rhines*, 544 U.S. at 276–77).

Accordingly,

**IT IS HEREBY ORDERED denying** Bearup's Motion for a Stay and Abeyance (Doc. 140).

**IT IS FURTHER ORDERED denying** Bearup's request for federal habeas counsel to represent him in state court (*id.*).

Dated this 26th day of January, 2023.

_____
Honorable Steven P. Logan
United States District Judge